1
2
3
4                    UNITED STATES DISTRICT COURT
5                   NORTHERN DISTRICT OF CALIFORNIA
6                         SAN JOSE DIVISION
7

8   ASIA BIRD,                          Case No. 5:15-cv-04927-EJD
                   Plaintiff,
9                                        **ORDER GRANTING DEFENDANT'S**
                                         **MOTION TO DISMISS**
10      v.
                                         Re: Dkt. No. 4
11  REAL TIME RESOLUTIONS, INC.,
                   Defendant.
12

13          Plaintiff Asia Bird ("Plaintiff") disputes she owes a debt for a home equity line of credit

14  acquired in 2005.  She brings this action against the current debt servicer, Real Time Resolutions,

15  Inc. ("Real Time"), for fraud, misrepresentation and violations of the Fair Debt Collection

16  Practices Act ("FDCPA"), 15 U.S.C. § 1692 et. seq.

17          Federal jurisdiction arises pursuant to 28 U.S.C. § 1332.  Presently before the court is Real

18  Time's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Dkt. No. 4.  Plaintiff

19  opposes the motion.[1]  After carefully considering the parties' pleadings, the court finds Real

20  Times' motion well-taken.  It will therefore be granted for the reasons explained below.

21  **I.      BACKGROUND**

22          On August 12, 2005, Plaintiff obtained "an open line of credit" for up to $100,000.00 from

23  Countrywide Home Loans, Inc. ("Countrywide"), a subsidiary of Bank of America.  Compl., at ¶

24  5; Ex. 1.  The line of credit was governed by a contract entitled "Home Equity Credit Line

25

26  ─────────────────
    [1] On January 4, 2016, Plaintiff filed a document in response to an order to show cause (Dkt. No.
27  14), which the court has construed as her opposition to Real Time's motion.

28                                        1
    Case No.: 5:15-cv-04927-EJD
    ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

United States District Court
Northern District of California

Agreement and Disclosure Statement" (the "Agreement"), and was secured by real property located in Santa Cruz, California.  Id.[2]

Plaintiff alleges she ceased making payments on the line of credit in March, 2009, "due to financial hardship."  Id. at ¶ 6.  She further alleges that on or about October, 2010, Bank of America "charged off the loan" and transferred servicing of the loan to Real Time.  Id. at ¶ 8. Bank of America then "reported the debt attributed to the loan as charged off with a zero balance." Id.

Plaintiff states she contacted Real Time on January 26, 2015, and February 12, 2015, to dispute the debt.  Id. at ¶¶ 9, 10.  During her second contact, Plaintiff purportedly communicated to Real Time that "the statute of limitations had expired since Bank of America had charged off the debt."  Id. at ¶ 10.  Plaintiff states that Real Time responded on February 24, 2015, "by stating that Bank of America's charge off does not affect the statute of limitations and that the statute of limitations had not expired."  Id. at ¶ 11.  Plaintiff disagreed with Real Times' position in another communication dated April 7, 2015.  Id. at ¶ 12.  She contends "[t]he applicable statute of limitations for collecting upon a debt is 4 years in the State of California."  Id. at ¶ 7.

Plaintiff filed the Complaint underlying this action on October 27, 2015.  Dkt. No. 1.  Real Time filed the instant motion in response.

## II.    LEGAL STANDARD

### A.    Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). The factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face."  Id. at 556-57.  A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted.  Fed. R.

---

[2] Real Time's Request for Judicial Notice is GRANTED.  Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).

1    Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a

2    cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v.

3    Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

4        When deciding whether to grant a motion to dismiss, the court must generally accept as

5    true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court

6    must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United

7    States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, "courts are not bound to accept as true a

8    legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678.

9        Also, the court generally does not consider any material beyond the pleadings for a Rule

10   12(b)(6) analysis. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19

11   (9th Cir. 1990). Exceptions to this rule include material submitted as part of the complaint or

12   relied upon in the complaint, and material subject to judicial notice. See Lee v. City of Los

13   Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001).

14       **B.    Pro Se Pleadings**

15       Where, as here, the pleading at issue is filed by a plaintiff proceeding pro se, it must be

16   construed liberally. Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). In doing so, the court

17   "need not give a plaintiff the benefit of every conceivable doubt" but "is required only to draw

18   every reasonable or warranted factual inference in the plaintiff's favor." McKinney v. De Bord,

19   507 F.2d 501, 504 (9th Cir. 1974). The court "should use common sense in interpreting the

20   frequently diffuse pleadings of pro se complainants." Id. A pro se complaint should not be

21   dismissed unless the court finds it "beyond doubt that the plaintiff can prove no set of facts in

22   support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521

23   (1972).

24   **III.   DISCUSSION**

25       **A.    Authority Governing Plaintiff's Causes of Action**

26       Plaintiff's first two causes of action are for fraud and misrepresentation, respectively. "A

27   plaintiff alleging fraud under California law must plead facts demonstrating five elements: (1) a

United States District Court
Northern District of California

28

1    misrepresentation; (2) the speaker's knowledge of falsity; (3) the intent to defraud or induce

2    reliance; (4) justifiable reliance; and (5) resulting damage." <u>Morici v. Hashfast Techs. LLC</u>, No.

3    5:14-cv-00087-EJD, 2015 U.S. Dist. LEXIS 24251, *9, 2015 WL 906005 (N.D. Cal. Feb. 27,

4    2015) (citing <u>Lazar v. Super. Ct.</u>, 12 Cal. 4th 631, 638 (1996)).

5         Because it is a species of fraud, the elements necessary to establish a misrepresentation

6    claim are similar: "(1) the defendant represented to the plaintiff that an important fact was true; (2)

7    that representation was false; (3) the defendant knew that the representation was false when the

8    defendant made it, or the defendant made the representation recklessly and without regard for its

9    truth; (4) the defendant intended that the plaintiff rely on the representation; (5) the plaintiff

10   reasonably relied on the representation; (6) the plaintiff was harmed; and (7) the plaintiff's

11   reliance on the defendant's representation was a substantial factor in causing that harm to the

12   plaintiff." <u>Manderville v. PCG&S Group, Inc.</u>, 146 Cal. App. 4th 1486, 1498 (2007).

13        Plaintiff's other three causes of action arise under the FDCPA, which is a statute that seeks

14   "to eliminate abusive debt collection practices by debt collectors, to insure that those debt

15   collectors who refrain from using abusive debt collection practices are not competitively

16   disadvantaged, and to promote consistent State action to protect consumers against debt collection

17   abuses." 15 U.S.C. § 1692(e).

18        As relevant here, the FDCPA prohibits the use of "any false, deceptive, or misleading

19   representation or means in connection with the collection of any debt," including "[t]he false

20   representation of . . . the character, amount, or legal status of any debt," "[c]ommunicating or

21   threatening to communicate to any person credit information which is known or which should be

22   known to be false, including the failure to communicate that a disputed debt is disputed," and

23   "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt

24   or to obtain information concerning a consumer." 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8),

25   1692e(10). "In order to state a claim under the FDCPA, a plaintiff must allege facts that establish

26   the following: (1) plaintiff has been the object of collection activity arising from a consumer debt;

27   (2) the defendant qualifies as a 'debt collector' under the FDCPA; and (3) the defendant has

28

Case No.: <u>5:15-cv-04927-EJD</u>
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

United States District Court
Northern District of California

1  engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA."  Dang

2  v. CitiMortgage, Inc., No. 5:11-cv-05036 EJD, 2012 U.S. Dist. LEXIS 30296, at *10, 2012 WL

3  762329 (N.D. Cal. Mar. 7, 2012).

4  **B.      Causes of Action Based on the Statute of Limitations**

5         The causes of action for fraud, misrepresentation, and violation of §§ 1692e(2) and

6  1692e(10) of the FDCPA are each based on the allegation that Real Time misrepresented the

7  effect of the statute of limitations on its ability to collect the debt from Plaintiff.  To that end,

8  Plaintiff alleges that "Caitlyn Coon, a research analyst and agent of Real Time, claimed the statute

9  of limitations had not expired on the loan," and that "Real Time's communication alleged that the

10  statute of limitations had not run on the Debt . . . ."  Compl., at ¶¶ 17, 24, 31, 37.  Real Time

11  argues Plaintiff has not stated a claim because the applicable statute of limitations has not actually

12  expired.

13         As both parties recognize, the statute of limitations for "[a]n action upon any contract,

14  obligation or liability founded upon an instrument in writing" is four years.  Cal. Civ. Proc. Code §

15  337(1).  And generally speaking, "where performance of contractual obligations is severed into

16  intervals, as in installment contracts, the courts have found that an action attacking the

17  performance for any particular interval must be brought within the period of limitations after the

18  particular performance was due."  Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co., 116

19  Cal. App. 4th 1375, 1388 (2004).

20         But when the contract contains an acceleration clause, "'the statute does not begin to run

21  on installments not yet due until the creditor, by some affirmative act, manifests his election to

22  declare the entire sum due.'"  Garver v. Brace, 47 Cal. App. 4th 995, 1000 (1996) (quoting 3

23  Witkin, Cal. Procedure, Actions, § 384 p. 413 (3d ed. 1985)); accord Jones v. Wilton, 10 Cal. 2d

24  493, 500 (1938) (holding that for the breach of a contract with an acceleration clause, "[i]f the

25  creditor fails to act affirmatively to mature the indebtedness, the statute of limitations is not set in

26  motion"); Trigg v. Arnott, 22 Cal. App. 2d 455, 458 (1937) ("It is settled in California that the

27  presence in a promissory note of a positive nonoptional acceleration clause does not have a self-

28

5

United States District Court
Northern District of California

1    operative effect so that the statute of limitations begins to run immediately upon the happening of

2    a default in a payment which the note specifies shall be made on a designated date.").  This is

3    because acceleration clauses "are for the benefit of the creditor" such that the failure to pay an

4    installment when due "cannot be taken advantage of by the debtor to mature the entire

5    indebtedness."  Andrews v. Zook, 125 Cal. App. 19, 24 (1932).

6           Here, the Agreement between the parties designates a Draw Period and a Repayment

7    Period.  Req. for Judicial Notice, Ex. A at § 1.  During the Draw Period, Plaintiff can request loans

8    "from time to time" up to the credit limit of $100,000.00 but is only obligated to pay the

9    "Minimum Payment Due," which "equals all unpaid finance charges, credit life insurance

10   premiums, and other charges imposed during the billing cycle" along with any past due payments.

11   Id. at §§ 1, 3(E), 3(F), 4.  Making only these minimum payments during the Draw Period does not

12   result in a reduction of principal.  Id. at § 3(F).  The Draw Period is followed by the Repayment

13   Period, which lasts for 180 months.  Id. at § 1.  During the Repayment Period, the "Minimum

14   Payment Due" is "1/180th of the outstanding principal balance" as of the last day of the Draw

15   Period.  Id. at § 3(G).

16          The Agreement also contains an optional acceleration clause permitting the creditor to

17   declare all sums owed immediately due and payable for various reasons, including for the failure

18   to make a "Miniumum Payment Due."  Id. at § 12.

19          Plaintiff alleges she missed a payment in March, 2009, which was during the Draw Period.

20   She does not allege, however, that Countrywide exercised the optional acceleration clause at that

21   time in order to trigger the statute of limitations for all outstanding amounts.  Instead, the Draw

22   Period continued for 120 months from August 12, 2005 - in the absence of an allegation that

23   Countrywide failed to extend it - and principal payments under the Repayment Period did not

24   become due any sooner than August 12, 2015.  Thus, according to the plain terms of the

25   Agreement, the loan will not mature for another 180 months from that date, or on August 12,

26   2030, at which time the § 337(1) four-year limitations period will commence.  Consequently, Real

27   Time did not misrepresent the statute of limitations in its communication with Plaintiff.

28
Case No.: 5:15-cv-04927-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

United States District Court
Northern District of California

1     Under these circumstances, Plaintiff has not plausibly alleged facts to support her position

2  that the statute of limitations began to run when she missed a non-principal payment in 2009.  As a

3  result, she has not stated claims for fraud or misrepresentation, or for violation of §§ 1692e(2) and

4  1692e(10).  Those causes of action will be dismissed with leave to amend.

5     **C.     Cause of Action based on Credit Reporting**

6     For her fifth cause of action under § 1692e(2)(A) of the FDCPA, Plaintiff alleges she sent

7  Real Time a communication on January 26, 2015, disputing the debt owed on the line of credit,

8  but that "[b]etween March of 2013, and to August 2015, Real Time has reported the Debt as

9  undisputed to the three major credit bureaus (Experian, Equifax, and Transunion)."  Compl., at ¶¶

10  41, 43.

11     In terms of plausibility, this cause of action is problematic on its face.  Real Time cannot

12  violate § 1692e(2)(A) for any period prior to the date that Plaintiff actually notified it of her

13  dispute.  Since Plaintiff alleges she did not send a written dispute to Real Time until January 26,

14  2015, she cannot also seek to hold it liable under § 1692e(2)(A) for any period prior to that date.

15     In addition, Real Time is correct that Plaintiff's allegations are contradicted by an exhibit

16  to the Complaint, at least in part.  See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th

17  Cir. 2001) (providing that for a Rule 12(b)(6) motion, the court need not accept as true

18  "allegations that contradict matters properly subject to judicial notice or by exhibit," or allegations

19  that are "conclusory, unwarranted deductions of fact, or unreasonable inferences").  The Experian

20  credit report attached as Exhibit 2 states in the "Comment" section: "Account Information

21  disputed by consumer . . . . This item was update from our processing of your dispute in Mar

22  2015."  Thus, in contrast to what Plaintiff alleges, that document shows that her dispute was at

23  least communicated to Experian, and Plaintiff does not address this comment in the Complaint.

24  Notably, however, the Experian credit report does not reveal what was communicated to Equifax

25  or Transunion.  Real Time, therefore, cannot rely on that document for any allegations related to

26  those two credit bureaus.

27     In light of these deficiencies, the § 1692e(2)(A) claim will be dismissed with leave to

28

*United States District Court*
*Northern District of California*

7

amend so that Plaintiff may clarify her allegations.

**IV.   ORDER**

Based on the foregoing, Real Time's motion to dismiss (Dkt. No.  ) is GRANTED.  All claims in the Complaint are DISMISSED WITH LEAVE TO AMEND.

Any amended complaint must be filed on or before **May 23, 2016**, and must be consistent with the discussion above.  Plaintiff is advised that, although leave to amend has been permitted, she may not add new claims or new parties to this action without first obtaining Real Time's consent or leave of court pursuant to Federal Rule of Civil Procedure 15.

In addition, Plaintiff is advised that the court will dismiss this action without further notice for failure to prosecute under Federal Rule of Civil Procedure 41(b) if an amended complaint is not filed by the deadline designated herein.

The court declines to set a case management schedule at this time given the dismissal of all claims.

**IT IS SO ORDERED.**

Dated:  May 2, 2016

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:15-cv-04927-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS